UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GREG GRIFFITH ET AL.                                    CIVIL ACTION

VERSUS                                                  NO. 07-9738

D. HUGHES ET AL.                                        SECTION "A" (2)

## ORDER ON MOTION

APPEARANCES: None (on the briefs)

MOTION: Plaintiffs' Motion to Compel Responses of Defendant Riley to Plaintiffs' Second Set of Interrogatories and Requests for Production, Record Doc. No. 68

O R D E R E D:

 XXX : GRANTED IN PART, DENIED IN PART AND DEFERRED IN PART. The motion is denied insofar as it seeks any response of any kind to the excessive interrogatories submitted by plaintiffs to defendant in their second set of interrogatories. "Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Ruled 26(b)(2)." Fed. R. Civ. P. 33(a)(1). This means that a party who seeks to exceed the limit on the number of interrogatories must first obtain leave of court before doing so. See also Local Rule 33.1E. By my count, plaintiffs' complex and convoluted interrogatories submitted to defendant Riley, when discrete sub-parts are included, exceed 60. Leave of court to exceed the 25-interrogatory limit was not obtained, and it is not now granted. No further answers to these excessive interrogatories need be provided.

As to requests for production, although plaintiffs' motion is meandering and confusing, it appears that relief is sought only as to Requests for Production Nos. 2, 3, 4, 7, 8, 9, 13 and 14 of their second set of written discovery requests [to Riley only].

The motion is granted as to Requests for Production Nos. 2, 3, 4, 7 and 8. The cross-references to one or more answers to interrogatories are evasive, unclear and fail to comply with Fed. R. Civ. P. 34(b). All objections are overruled. Defendant must provide new written, separate responses to each of these requests, signed pursuant to Fed. R. Civ. P.

26(g), clearly stating either that (a) all materials responsive to these requests are being produced, or (b) he has no responsive materials in his possession, custody or control.

The motion is denied as to Request for Production No. 13, which is overly broad, unduly burdensome and seeks much that is not reasonably calculated to lead to the discovery of admissible evidence. In addition, this request is at best tangentially relevant only to the subject matter of this lawsuit, not the particular claims or defenses of the parties, and good cause to expand the scope of discovery to "subject matter," as required by Fed. R. Civ. P. 26(b)(1), has not been demonstrated.

The motion is deferred as to Requests for Production Nos. 9 and 14. Both of these requests seek police department materials. The Fifth Circuit "has acknowledged the existence of a law enforcement privilege" in documents generated by law enforcement agencies. In re United States Dep't of Homeland Sec., 459 F.3d 565, 569 (5th Cir. 2006). When dealing with the discovery of documents possibly covered by this privilege, the Fifth Circuit has instructed that "the district court should review the documents at issue in camera to evaluate whether the law enforcement privilege applies to the documents at issue. In making its determinations, the court must balance 'the government's interest in confidentiality against the litigant's need for the documents.' The court, therefore, should consider the Frankenhauser [among other] factors." Id. at 570-71 (quoting Coughlin v. Lee, 946 F.2d 1152, 1160 (5th Cir. 1991)) (citing Frankenhauser v. Rizzo, 59 F.R.D. 339, 344 (E.D. Pa. 1973)) (additional citations omitted).

For the foregoing reasons, as defendant requests in his opposition memorandum, Record Doc. No. 72 at p. 8, I will review these materials in camera before making a final ruling.

Finally, I note that defendant's request in his opposition memorandum that this discovery be stayed pending ruling by the district judge on dispositive immunity motions is not persuasive in this case. Defendant has already engaged in discovery. The discovery deadline is looming. At this late date and on this particular record, the immunity arguments concerning discovery asserted by defendant in opposition to this motion are unpersuasive. Accordingly,

**IT IS ORDERED** that all new written responses to the Requests for Production Nos. 2, 3, 4, 7 and 8, together with all responsive materials, must be provided by defendant to plaintiffs no later than **August 3, 2009**.

All materials responsive to Requests for Production Nos. 9 and 14 as to which defendant seeks in camera review must be submitted to my office no later than **August 3, 2009**. After I have reviewed the materials in camera and applied the standard of review outlined above, my ruling on these two requests will be issued without further briefing or argument, unless otherwise ordered by the court.

The motion is denied insofar as it seeks an award of attorney's fees and costs in connection with this motion. The motion has been granted in part and denied in part. Under

these circumstances, I find that a just apportionment of fees and costs is that both sides should bear their own. Fed. R. Civ. P. 37(a)(5)(C).

New Orleans, Louisiana, this <u>  29th  </u> day of July, 2009.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE